

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DENNY LEE CAIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0175 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO GRANT RESPONDENT QUARTERMAN'S MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 2244(d)

Came for consideration the above-entitled motion filed by respondent on December 7, 2007. By his motion, respondent moves for dismissal of the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DENNY LEE CAIN as being time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that respondent's motion to dismiss should be GRANTED.

I.
PROCEDURAL HISTORY

On December 10, 1985, in the 181st Judicial District Court of Potter County, Texas, petitioner pled guilty to one count of aggravated sexual assault and was sentenced to fifteen

years imprisonment.  State v. Cain, No. 23,877-B.  Petitioner did not appeal his conviction.

On November 2, 1999, petitioner was released to mandatory supervision.[1]  On December 13, 2004, petitioner's release was revoked.  Upon his return to a Texas Department of Criminal Justice (TDCJ) corrections facility on January 14, 2005, petitioner was given a time slip containing calculations of his time served, which contained calculations petitioner believed were inaccurate.  On March 10, 2005, petitioner filed a time credit dispute with TDCJ pursuant to Texas Government Code § 501.0081.  On September 27, 2005, TDCJ returned its decision, finding no inaccuracies with the calculations of petitioner's time served.  On June 20, 2006, petitioner filed a petition for state habeas relief challenging the time calculations and the application of sex offender registration.  Ex parte Cain, No. 65,422-01.  The Texas Court of Criminal Appeals denied the writ without written order on September 6, 2006.  Petitioner filed the instant federal habeas petition on August 14, 2007.[2]

On December 7, 2007, respondent filed a motion to dismiss petitioner's federal petition with prejudice pursuant to 28 U.S.C. § 2244(d).  On January 2, 2008, petitioner filed his response to respondent's motion to dismiss.

---

[1]Petitioner was first released to mandatory supervision on December 28, 1990 and later revoked on May 31, 1996.  By petitioner's reply to respondent's motion to dismiss, he does not argue any errors in calculations resulting from the 1996 revocation.  On November 17, 2006, petitioner was released to mandatory supervision for a third time, but was later revoked on June 1, 2007.

[2]See Spotville v. Cain, 149 F.3d 374, 375 (5th Cir. 1998) ("a pro se prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

II.
PETITIONER'S CLAIMS

Petitioner contends he is being held in violation of the Constitution and laws of the

United States for the following reasons:

1.    The Texas Sex Offender Registration Program:

    a.    deprives petitioner of a liberty interest without due process of law;
    b.    violates the Equal Protection Clause by altering a previously enjoyed
          legal status; and,
    c.    violates the separation of powers doctrine of the Constitution.

2.    TDCJ has denied the discharge of petitioner's sentence when the sentence no
      longer exists.

3.    TDCJ has denied discharge of petitioner's sentence with all time credits.

4.    TDCJ has denied petitioner credit for street time accumulated while on
      mandatory supervision release.

5.    TDCJ has denied petitioner credit for good time accrued in the Travis County
      jail.

6.    TDCJ has denied petitioner credit for flat time served in the Travis County and
      McClennan County jails.

III.
RESPONDENT'S MOTION TO DISMISS

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in

the AEDPA apply to this case.  Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063,

138 L.Ed.2d 481 (1997); Williams v. Cain, 125 F.3d 269, 274 (5th Cir. 1997).  Title 28 U.S.C.

§ 2244(d)(1) establishes a one-year limitation period in which to file an application for a

federal writ of habeas corpus by a person in custody pursuant to a state court judgment.  That

subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

By his motion, respondent argues petitioner's federal habeas application is barred by the

statute of limitations.  Respondent presents several different scenarios under which petitioner's

claims are time-barred.  This Court will only address the most generous time scenarios

presented, as petitioner is time-barred on all of his claims even under the most lenient

construction of the statute of limitations.  To the extent respondent asserts any procedural bars

due to petitioner's failure to exhaust state remedies, the issue of exhaustion is moot because

petitioner is time-barred on the claims raised by the instant petition.

A.

<u>Sex Offender Registration</u>

Respondent contends the factual predicate for petitioner's claim, which triggered the 28

U.S.C. § 2244(d)(1)(D) one-year statute of limitations, occurred on September 1, 1997, when

the Sex Offender Registration Program was amended to include offenders with a reportable

conviction on or after September 1, 1970.[3]  Alternatively, respondent contends petitioner

became aware of the registration requirements when he was released to mandatory supervision

on November 2, 1999.

When petitioner was released to mandatory supervision in 1999, there is no question he

was aware that he would have to register as a sex offender under Texas law, as petitioner

admits his knowledge of the registration requirements in his federal petition.  For purposes of

*federal*[4] habeas review, any constitutional challenge of this law as applied to petitioner had to

be made within one-year of petitioner becoming aware of its application to him.  Therefore, at

the latest, petitioner's federal habeas petition would have been due November 2, 2000.

Petitioner did not file his federal habeas petition until August 14, 2007, making his petition

regarding this claim time-barred by almost seven years.

---

[3]To the extent petitioner seeks relief from registration under federal habeas corpus and not 42U.S.C. § 1983, this claim is without merit.  By challenging the application of sex offender registration to his conditions of release, petitioner does not challenge the fact or duration of his confinement, nor does he seek a finding by this Court that would entitle him to a speedier release from prison.  Therefore, petitioner's claim is not cognizable on habeas review.

[4]Petitioner repeatedly asserts in his response to respondent's motion to dismiss that this Court should take into account the fact that Texas has no statute of limitations for filing state habeas petitions.  Regardless of whether any state statute of limitations does or does not exist, the federal statute of limitations remains one year and is in no way extended by any state statute of limitations.

### Time Credit Dispute

In regard to the various claims petitioner alleges regarding calculation of his time credits, respondent contends all such claims are time-barred at the greatest by more than a decade and at the least by eleven months.  The Court agrees that, at the very least, petitioner's claims are time-barred by approximately ten months.[5]  Petitioner clearly asserts in his response to the motion that he is only challenging the time calculations given to him after his 2004 revocation, making discussion of his other revocations unnecessary.  At the latest, petitioner became aware he was not receiving credit for his street time served on mandatory supervision, his good time accrued in the Travis County jail, and his jail time served in two county jails on January 14, 2005, when he received his time slip.  Consequently, petitioner should have filed his federal petition by October 20, 2006, in order to be timely.[6]  However,  petitioner did not file his federal petition until August 14, 2007, approximately ten months too late.

Furthermore,  petitioner has not shown extraordinary circumstances as to warrant the application of equitable tolling.  Equitable tolling applies principally where the petitioner is actively misled about the cause of action or is prevented in some extraordinary way from asserting his rights.  Nothing in the record suggests petitioner was "actively misled" by anyone

---

[5]Although respondent contends that petitioner's revocation of December 13, 2004, was the triggering event that started the statute of limitations under the most lenient construction of the statute of limitations, the Court finds that January 14, 2005, when petitioner received his updated time slip, is the triggering event.

[6]The Court arrived at this date by adding the 365 days petitioner had to file his federal petition to the 279 days the statute of limitations was tolled by petitioner's exhausting state remedies, for a total of 644 days to file the petition.  (The 279 days includes the 201 days between petitioner's filing his time credit dispute and TDCJ issuing its opinion, as well as the 78 days his state habeas petition was pending.)  Petitioner became aware of the alleged disparity in his time credit on January 14, 2005. Therefore, his federal petition was due 644 days after January 14, 2005, which was October 20, 2006.

concerning the filing of his federal habeas application, nor does the record indicate he was

prevented in any way from timely asserting his federal habeas corpus rights.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United

States District Judge that the motion to dismiss filed by respondent NATHANIEL

QUARTERMAN be GRANTED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of February 2008.



_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996); Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988).